IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

FRANCIS L. COVINGTON,

    Plaintiff,

v.                          CIVIL NO.: WDQ-12-3540

TARGET CORPORATION,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Francis Covington sued Target Corporation ("Target") for disability and age discrimination. Pending is Covington's motion to amend the Complaint. Also pending are Target's motion to dismiss the Complaint, Covington's motion for partial summary judgment, and Target's motion for leave to file *surreply*. Covington's motion to amend the Complaint will be granted in part and denied in part. Accordingly, the remaining motions will be denied as moot.

I.  Background[1]

Covington worked as a Flow Team Member at Target. ECF No. 5-2. Covington has a hearing impairment that often requires her to see the speaker and read lips to understand what is being said. ECF No. 25-1 at 3 ¶ 6(a). During her employment, Target refused her requests that people face her when communicating and would not inform her when breaks were called; often resulting in her missing breaks. *Id.* ¶ 6(b). Other Target employees ridiculed and harassed her based on her age, hearing impairment, and intellectual disability. *Id.* ¶ 6(c). On December 9, 2010, Covington spoke loudly to two co-workers, Linda Gaines and Carla Henderson, during a dispute about their department assignments. *See* ECF No. 1 at 2; ECF No. 5-3 at 5. On December 9, 2010, Covington was suspended as a result of the incident. *See* ECF No. 1 at 5. On December 15, 2010, she was terminated for violating Target's violence-free workplace policy. *Id.*; ECF No. 5-3 at 5.

---

[1] For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). A motion to amend pleadings that may be futile is treated as if the opposing party has moved to dismiss. *See United States ex. rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). A court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in deciding a motion to dismiss or the futility of a motion to amend. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

On December 21, 2010, Covington filed charges of discrimination with the Howard County Office of Human Rights ("HCOHR") and the Equal Employment Opportunity Commission ("EEOC"). ECF No. 25-1 at 5 ¶ 9. In early 2011, Covington moved to a new address. ECF No. 61-1 ¶ 7. In March 2011, Covington filed a change of address form with the HCOHR. ECF No. 32-4.[2]

On January 12, 2012, the HCOHR issued a "no reasonable cause" finding after investigating Covington's charges. ECF No. 5-3.[3] Covington appealed this decision to the Howard County Human Rights Commission ("HRC"). See ECF No. 26-1. On May 3, 2012, the HRC denied her appeal. Id. On August 22, 2012, the EEOC adopted the findings of the HCOHR and dismissed her charge. ECF No. 1-2. On August 22, 2012, the EEOC mailed her right-to-sue letter to her previous address. ECF No. 32-2. Covington did not receive this letter. Id.[4] On September 27, 2012, the

---

[2] The form lists Covington's previous address, "4801 High Hawk Court, Apartment 203, Columbia, MD 21045," and new address "4900 Blue Wing Court, Apartment 204, Columbia, MD 21045." ECF No. 32-4.

[3] This order was addressed to Covington at her new address at Blue Wing Court. ECF No. 5-3.

[4] It is unclear when Covington received her right-to-sue letter. In her original complaint, she stated she received the letter on August 31, 2012. ECF No. 1 at 3 ¶ 10. However, she later asserted that she did not receive that August 2012 letter and had to request the EEOC to resend the letter. See ECF No. 61-1 ¶ 5; ECF No. 32 at 5. This assertion is corroborated by a

3

EEOC sent the right-to-sue letter to Covington's correct address after she had informed the EEOC that she had not received the August letter. ECF No. 32-2. In "late September or early October" 2012, Covington received her right-to-sue letter. ECF No. 25-1 at 5 ¶ 10.

On November 30, 2012, Covington filed this suit. ECF No. 1. On January 4, 2013, Target moved to dismiss. ECF No. 5. On March 18, 2013, Covington responded to Target's motion to dismiss and moved for partial summary judgment. ECF No. 13. On March 25, 2013, Target replied to Covington's response. ECF No. 14. On April 9, 2013, Covington replied. ECF No. 16. On April 23, 2013, Target moved for leave to file a *surreply*. ECF No. 18.

On June 25, 2013, Covington moved to amend the Complaint. ECF No. 25. On July 9, 2013, Target opposed Covington's motion to amend. ECF No. 26. On August 20, 2013, Covington replied. ECF No. 32.

II. Analysis

    A. Legal Standard

        1. Motion to Amend

---

letter from the EEOC, stating that Covington informed the EEOC that she had not received the letter, and the EEOC sent a new letter to Covington's correct address on September 27, 2012. ECF No. 32-2. Covington alleges that she received this letter "in late September or early October" of 2012. ECF No. 25-1 at 5 ¶ 10.

4

Under Fed. R. Civ. P. 15(a)(2), a party may amend her complaint with her opponent's written consent or with leave of court. The Court "should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (internal citation and quotation marks omitted). An amendment is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

2. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff

5

must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B.  Covington's Motion to Amend

Covington seeks to amend her Complaint to assert claims for additional violations of the Americans with Disabilities Act of 1990 (the "ADA"),[5] and violations of Title VII of the Civil

---

[5] 42 U.S.C. §§ 12101, *et seq.*

Rights Acts of 1964 ("Title VII"),[6] the Federal Fair Labor Standards Act ("FLSA"),[7] Maryland labor laws, and the Howard County Code. ECF No. 25-1 at 2 ¶ 4.[8] Her proposed Amended Complaint drops her Rehabilitation Act claim.[9] *See* ECF No. 1 at 2 ¶ 3; ECF No. 25-1 at 2 ¶ 4. Covington also moves for leave to amend the date of receipt for her right-to-sue letter and to add additional facts. ECF No. 25-1 at 5 ¶ 10. Target opposes several of these changes as either futile or prejudicial. *See* ECF No. 26.

    1.    Date of Receipt of Right-To-Sue Letter

Covington's proposed amendment seeks to change the date she received her right-to-sue letter from "August 31, 2012" to "late September or early October 201[2]." *See* ECF No. 1 at 3 ¶ 10; ECF No. 25-1 at 5 ¶ 10.[10] To bring a Title VII claim in federal court, a plaintiff must first file administrative charges with the EEOC or an authorized state agency. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). A plaintiff is

---

[6] 42 U.S.C. §§ 2000e, *et seq.*

[7] 29 U.S.C. §§ 201, *et seq.*

[8] Her proposed Amended Complaint also includes claims for intentional infliction of emotional distress and assault. ECF No. 25-1 at 2 ¶ 4. Covington has withdrawn those claims. ECF No. 32 at 14.

[9] 29 U.S.C. §§ 701, *et seq.*

[10] The amended complaint states "early October 2010," however the Court assumes that is an error.

authorized to file a civil suit within 90 days from the receipt of the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). The ADEA and the ADA similarly require a plaintiff to bring a discrimination claim within 90 days from the date of receipt of the right-to-sue letter. 29 U.S.C. § 626(e); 42 U.S.C. § 12117(a).

Covington asserts that her claim is timely because the right-to-sue letter was sent to her previous address, and she did not actually receive the letter until late September. *See* ECF No. 32 at 5. In determining when the 90-day filing period begins to run, the Fourth circuit has rejected the "actual receipt" rule and instead has engaged in "a case-by-case examination to determine if an equitable tolling of the filing period is appropriate." *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). When the actual date of receipt is confirmed by evidence, that date governs. *See Dixon v. Digital Equip. Corp.*, 976 F.2d 725, 1992 WL 245967, at *1 (4th Cir. Sept. 30, 1992). If the date of the receipt is unknown or in dispute, the court applies the presumption in Fed. R. Civ. Pro. 6(e) that service is received within three days.[11]

---

[11] *See e.g., Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. July 30, 1999); *Warfle v. Maryland Dep't of Health & Mental Hygiene*, No. CCB-07-1626, 2008 WL 4516384, at *2-3 (D. Md. Sept. 30, 2008); *Beale v. Burlington Coat Factory*, 36 F. Supp. 2d 702, 704 (E.D. Va. 1999).

For Covington's November 30 complaint to have met the statutory filing deadline, she must have received the EEOC right-to-sue letter on or after September 1, 2012. The right-to-sue letter was mailed on August 22, 2012. ECF No. 1-2. The date of receipt of the letter is unknown.[12] Thus, the presumed date of receipt is August 25, 2012. Although the EEOC sent another copy of the right-to-sue letter at Covington's request on September 27, 2012, the EEOC does not have the legal authority to "reissue" the right-to-sue letter for purposes of the limitations period. *See Coleman v. Talbot Cnty. Det. Ctr.*, 242 F. App'x 72, 73 (4th Cir. 2007).

Covington asserts that her claims should be considered timely because the right-to-sue letter was mailed to her former address. The plaintiff has the legal responsibility to provide the EEOC with her current address and to inform the EEOC of an address change. *See Warfle*, 1999 WL 556446, at *3; *Griffin v. Prince William Hosp. Corp.*, 716 F. Supp. 919, 921 (E.D. Va. 1989); 29 C.F.R. § 1601.7(b). "The EEOC is entitled to rely on the address the plaintiff furnished and to start the running of the 90 day period by sending the right-to-sue letter to that

---

[12] Covington does not allege an exact date of receipt. Covington's allegation in her proposed amended complaint is that she "received notice of her right to sue from the EEOC in late September or early October 201[2]." ECF No. 25-1 at 5 ¶ 10. Covington's original complaint stated she received the letter on August 31, 2012. ECF No. 1 at 3 ¶ 10.

address." *Beale*, 26 F. Supp. 2d at 704 (internal quotation marks omitted). Here, the EEOC sent the letter to the address Covington provided on her Charge of Discrimination. *See* ECF No. 5-2; ECF No. 32-2. However, Covington moved in January 2011,[13] and she provided the HCOHR with her new address in March 2011.[14]

In certain circumstances, the 90-day limitations period is subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The Fourth Circuit has held that equitable tolling "is available only in those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (internal quotation marks omitted). Covington must show extraordinary circumstances, beyond her control or external to her own conduct, that prevents her from filing on time. *See Coleman*, 242 F. App'x at 74 (*citing United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)) (internal quotation marks omitted). Equitable tolling does not apply when "the plaintiff's failure to notify the EEOC of an address change

---

[13] ECF No. 16-1 ¶ 7.

[14] Covington argues in her Reply that she notified the EEOC through the HCOHR. *See* ECF No. 32 at 6. The attached Howard County change of address form is stamped as "Received" by the HCOHR on March 23, 2011. ECF No. 32-4.

10

after agreeing to do so result[s] in a lack of actual notice."
*Vogel v. American Home Products Corp. Severance Pay Plan*, 122
F.3d 1065, 1997 WL 577578, at *2 (4th Cir. September 17, 1997)
(citing *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983)).

Here, Covington's delayed receipt of the letter was not a result of her failure to notify. "The central factor in determining when the limitations period is triggered is the extent to which the claimant's failure to receive actual knowledge of the letter was due to fault of [her] own." *Vogel*, 1997 WL 577578, at *2. Covington made a diligent effort in attempting to ensure the receipt of her letter by supplying her local agency, where she filed her charge, with her correct address. *See* ECF No. 32-4.[15] Despite her efforts, she did not receive the letter until after the EEOC resent it on September 27, 2012. *See* ECF No. 32 at 5; ECF No. 32-2. Because the delayed receipt of her right-to-sue letter was caused by circumstances beyond her control, Covington is entitled to equitable tolling.[16] Covington's amendment to the date of

---

[15] *Cf. Cumbow v. Vermont Am. Corp.*, 586 F. Supp. 873, 876 (W.D. Va. 1984) (denying motion to dismiss claim when plaintiff notified the EEOC of her change in address but the EEOC mailed the letter to her former address); *Coleman*, 242 F. App'x at 74 (reversing the district court's denial of equitable tolling when EEOC failed to mail the letter to plaintiff's counsel).

[16] *Compare Coleman*, 242 F. App'x at 74 (equitable tolling applies when EEOC was primarily at fault for delayed notice), *with Beale*, 36 F. Supp. 2d at 704 (plaintiff not entitled to

11

receipt would withstand a motion to dismiss; thus, amendment is not futile.

Target further argues that the amendment will "clearly prejudice Target which will be forced to defend an untimely claim." ECF No. 26 at 8. "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that must justify such tolling is identified, it is not an independent basis for invoking the doctrine . . ." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). . Target has offered no evidence of prejudice as a result of the marginal delay in filing.[17] Because the delay in receipt of the right-to-sue letter was due to external conditions outside her control and Target has not shown prejudice resulting from the delay, Covington's motion to amend the time of receipt will be granted.

2.   ADA Claims

Target argues that Covington's proposed ADA claim for failure to accommodate is futile because Covington failed to exhaust administrative remedies. ECF No. 26 at 9. Under the

---

equitable tolling when he failed to inform EEOC of address change and had 60 days left to file a complaint after receiving the letter).

[17] Target's only assertion in support of its prejudice argument is that "the amendment would clearly prejudice Target" because it would be forced to defend an untimely claim. *See* ECF No. 26 at 8.

12

ADA, a plaintiff must exhaust administrative remedies by filing an EEOC charge. See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1). A plaintiff's claims in her judicial complaint must be reasonably related to her EEOC charge such that they would be developed by reasonable investigation of the original charge. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2008).

Target asserts that Covington failed to allege a failure to accommodate in her EEOC charge. ECF No. 26 at 10. Covington contends that a failure to accommodate claim was reasonably related to her charge. ECF No. 32 at 10. In her EEOC charge, she alleges "disability discrimination" and states, "They would also confuse me about taking breaks." ECF No. 5-2. A reasonable investigation of these charges would involve Target's failure to provide Covington with accommodations. This is shown by the findings of HCOHR's investigation which discuss whether Covington requested accommodation for breaks. See ECF No. 5-3 at 8. Accordingly, Covington's ADA claim for failure to accommodate is reasonably related to her original charge and is not futile for failure to exhaust administrative remedies.

Target similarly argues that Covington has failed to exhaust her ADA claim that Target discriminated against her by regarding her as having an intellectual disability. ECF No. 26

13

at 10. The claims in the complaint arise out of the same facts and circumstances Covington alleges in her EEOC charge, including harassment by co-workers and the basis for her termination. See ECF No. 5-2; ECF No. 25-1 at 4 ¶ d. This is not a case where the administrative charge "reference[s] different time frames, actors, and discriminatory conduct than the central factual allegations in [her] formal suit." See Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005). "[I]f the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." Id. at 509 (citing Smith v. First Union Nat'l Bank, 202 F.3d 234, 247-48 (4th Cir. 2000)). A reasonable investigation of Covington's charges of discrimination and harassment based on her hearing disability would have determined whether that conduct was also based on discrimination for a perceived intellectual disability.[18] Because Covington's additional ADA allegations would not be futile for failure to exhaust administrative remedies, her motion to amend will be granted.

---

[18] Compare Chacko, 429 F.3d at 512 (plaintiff failed to exhaust administrative remedies when charge alleged discrete instances of supervisor misconduct and complaint claimed a continuous pattern of non-supervisory harassment), with Smith, 202 F.3d at 247-48 (plaintiff exhausted administrative remedies when complaint and administrative charges alleged retaliation by the same actor but involved different retaliatory conduct).

3. FLSA Claims

Target asserts that Covington's proposed FLSA claim "for requiring [her] to work through her mandatory breaks" is futile. See ECF No. 26 at 11; ECF No. 25-1 at 2 ¶ 4. The FLSA does not require an employer to provide employees with rest periods or breaks. *Open Letter FLSA*, 1996 WL 1005233 (Dec. 2, 1996). Target also argues that Covington's claim for denial of overtime under the FLSA is time-barred. ECF No. 26 at 11. Under the FLSA, a plaintiff asserting a claim for denial of overtime must file a claim within two years of the date the cause of action accrued, or within three years for a willful violation. *See* 29 U.S.C. § 255(a). Because Covington does not allege a willful denial of overtime, the two year statute of limitations applies. *See* ECF No. 25-1 at 2 ¶ 4; 29 U.S.C. § 255(a). Covington was terminated from Target on December 15, 2010. *See* ECF No. 25-1 at 3 ¶ 5. Accordingly, Covington's amended FLSA claim for denial of overtime is time-barred. Because Covington's FLSA claims would be futile, her motion to amend that claim will be denied.

4. Maryland Law Claims

Covington also seeks to amend the complaint to include Maryland law claims for requiring her to work through mandatory breaks and for the denial of overtime pay. ECF No. 25-1 at 2 ¶ 4. Target correctly contends that the law mandating breaks for

15

Maryland retail employees did not take effect until March 1, 2011, months after Covington was terminated. See Md. Code Ann., Labor & Employ. § 3-710; ECF No. 25-1 at 3 ¶ 5. Because this claim would be futile, Covington's motion to amend will be denied.

However, a plaintiff may bring a claim under the Maryland Wage Payment and Collection Law ("MWPC")[19] to recover unpaid overtime wages within three years and two weeks from the date on which the employer should have paid the wage. See Butler v. VisionAIR, Inc., 385 F. Supp. 2d 549, 554 (D. Md. 2005); Md. Code Ann., Labor & Employ. § 3-507.2. Accordingly, Covington's motion to amend her complaint to add a Maryland law claim for unpaid overtime will be granted.

### 5. Howard County Code Claim

Covington seeks to amend the complaint to add a claim based on a violation of the Howard County Code.[20] ECF No. 25-1 at 2 ¶ 4. Target argues that this amendment is futile because her claim has been adjudicated by the County. ECF No. 26 at 11. However, the Howard County administrative proceedings are a non-exclusive remedy. See Howard County, Md., Code § 12.217 ("[An action at law] shall be in addition to pursuing the procedures and seeking the remedies set forth in this subtitle.").

---

[19] Md. Code Ann., Labor & Employ. § 3-501 et seq.
[20] Howard County, Md., Code § 12.208.

Accordingly, Covington's claim for a violation of the Howard County Code is not precluded by the County's administrative proceedings. Covington's motion to amend is not futile; thus, it will be granted.

III. Conclusion

For the reasons stated above, Covington's motion to amend the Complaint will be granted in part and denied in part. Target's motion to dismiss the original Complaint will be denied as moot. Covington's motion for summary judgment on the original Complaint will be denied as moot. Target's motion for leave to file a surreply to Covington's motion for summary judgment will be denied as moot.

9/24/13
Date

William D. Quarles, Jr.
United States District Judge